# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE YOUNG,<br><br>            Plaintiff,<br><br>    v.<br><br>E. HOLGUIN, et.al.,<br><br>            Defendant.<br>_____/ | CASE NO. 1:06-CV-0770 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RE: DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. 12) |

    Plaintiff Eddie Young ("plaintiff") is a state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 19, 2006 and the Court granted him leave to proceed in forma pauperis on July 25, 2006. On June 21, 2007, the Court directed the United States Marshal to serve process on defendants Holguin, Shelton and Moore and on August 9, 2007, defendants filed a motion to dismiss or in the alternative for revocation of plaintiff's in forma pauperis privilege. Plaintiff has not filed an opposition to the motion.

    28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

    Defendants set forth five dismissals that they contend count as "strikes" under section

1915(g). Defendants therefore argue that plaintiff's in forma pauperis privilege must be revoked. Defendants contend that Young v. McCargar, No. CV-00-2393 (E.D. Cal.) was dismissed for failure to state a claim and affirmed by the Ninth Circuit in Young v. McCargar, 60 Fed. Appx. 164. Defendants contend that Young v. Edwards, CV-F-02-2289 (C.D. Cal.) was also dismissed for failure to state a claim and affirmed by the Ninth Circuit in Young v. Edwards, 63 Fed. Appx. 371. Defendants further contend that Young v. Briddle, No. 98-0714 (C.D. Cal.) was dismissed for failure to state a claim.

Defendants have met their burden by setting forth the grounds upon which they believe they are entitled to dismissal. As noted, plaintiff has not filed an opposition to this motion. The court has reviewed the cases relied upon by defendants and agrees that plaintiff has three strikes under 1915(g). Plaintiff is therefore subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless plaintiff is, at the time the complaint is filed, under imminent danger of serious physical injury.

The court has reviewed plaintiff's complaint and finds that plaintiff has alleged no facts that support a finding that he is, at this time, under imminent danger of serious physical injury. Accordingly, plaintiff may not proceed in forma pauperis and must submit the appropriate filing fee in order to proceed with this action.

Based on the foregoing, the court HEREBY RECOMMENDS that:

1. Defendants motion to dismiss be granted in part;
2. Pursuant to 28 U.S.C. § 1915(g), plaintiff's in forma pauperis status be revoked;
3. Plaintiff be ordered to pay the $350.00 filing fee in full within thirty (30) days; and
4. This action be dismissed without prejudice if plaintiff fails to pay the filing fee in full within thirty days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **December 18, 2007**             **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE