# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE YOUNG, | CASE NO. 1:06-cv-00770 LJO DLB PC |
| Plaintiff, | ORDER DENYING MOTIONS FOR RECONSIDERATION |
| vs. | (Docs. 29, 31). |
| E. HOLGUIN, et al., | |
| Defendants. | |

**Procedural Background**

Plaintiff Eddie Young ("Plaintiff") is a state prisoner proceeding pro se in this action. On December 19, 2007, the Magistrate Judge issued a Findings and Recommendation, recommending that defendants' motion to dismiss be granted in part, that plaintiff's in forma pauperis status be revoked, and that the action be dismissed if plaintiff failed to pay the filing fee within thirty days. (Doc. 18).

On April 14, 2008, this Court issued an Order Adopting the Findings and Recommendations. (Doc. 25). Now pending before the Court are plaintiff's motions for reconsideration. (Docs. 29, 31). Plaintiff moves for reconsideration pursuant to Rule 60(b), citing excusable neglect. (Doc. 29).

**Motion for Reconsideration**

Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en

1 banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court
2 to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656,
3 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

4     In the instant case, Plaintiff asserts that despite his diligent efforts, he was denied law library
5 access on March 28, 2008, and thus unable to timely file objections to the Magistrate Judge's Findings
6 and Recommendations. (Doc. 28). Plaintiff's objection was due no later than April 1, 2008. Plaintiff
7 filed an objection on April 24, 2008, after the Court had already issued its order adopting the findings
8 and recommendations. (Doc. 27). Plaintiff now requests that the Court vacate its order and consider
9 his objection.

10     The Court notes that Plaintiff was previously granted two extensions of time to submit his
11 objection. (Docs. 21, 24). Even if plaintiff was unable to file his objection by the April 1, 2008 deadline,
12 he did not request a further extension of time. Having carefully reviewed plaintiff's entire motions for
13 reconsideration, the Court finds that plaintiff has not made the requisite showing for relief under Local
14 Rule 78-230(k) and Federal Rule of Civil Procedure 60(b). Plaintiff's motions for reconsideration, filed
15 on May 19, 2008 and August 4, 2008, are HEREBY DENIED.

16     Even if the Court has erred in denying plaintiff's motions for reconsideration, the Court has
17 reviewed plaintiff's objections to the Magistrate Judge's Findings and Recommendations, filed April
18 24, 2008, and finds no grounds upon which to amend or vacate its order adopting the Findings and
19 Recommendations in full, and granting defendants' motion to dismiss in part, revoking plaintiff's in
20 forma pauperis status, and dismissing this action.

22 IT IS SO ORDERED.
23 **Dated:   October 2, 2008**              /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE

2